IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIENNE JENSEN,                              )
                                              )
                        Plaintiff,            )
                                              )
        v.                                    )        Case No. 20-2422-JWL
                                              )
UNITED STATES TENNIS                          )
ASSOCIATION AND KANSAS CITY                   )
RAQUET CLUB,                                  )
                        Defendants.           )
                                              )
_____)

## MEMORANDUM AND ORDER

Plaintiff Adrienne Jensen, a former tennis player, filed a petition in Missouri state court alleging that defendants negligently failed to protect her from her former coach's sexual abuse and that defendants are liable under § 1589(b) of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). The case was removed to the federal district court in the Western District of Missouri on the basis of both diversity jurisdiction and federal question jurisdiction. Thereafter, the case was transferred to this court under 28 U.S.C. § 1404(a). This court then granted in part and denied in part a motion to dismiss filed by defendant United States Tennis Association's ("USTA"). Specifically, the court granted USTA's motion to dismiss plaintiff's TVPRA claim for failure to state a claim and denied USTA's motion to dismiss plaintiff's negligence claim on statute of limitations grounds.

This matter is now before the court on USTA's motion to strike paragraphs 18-26 of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f). As will be explained, the motion is denied, a ruling that is supported by the "traditionally high standards for motions to strike under Rule 12(f)." *See Unicredit Bank AG v. Bucheli*, 2011 WL 4036466, at *5 (D. Kan. Sept. 12, 2011) (Lungstrum, J.).

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As this court has previously recognized, motions to strike are "generally disfavored and considered a drastic remedy"; they are "usually denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties." *Coshocton Grain Co. v. Caldwell-Baker Co.*, 2016 WL 234152, at *1 (D. Kan. Jan. 20, 2016) (quoting *Unicredit Bank*, 2011 WL 4036466, at *5). Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike. *Leiser v. Moore*, 2017 WL 4099469, at *2 (D. Kan. Sept. 15, 2017).

USTA's motion is directed at paragraphs 18 through 26 of plaintiff's complaint. Those paragraphs allege as follows:

> 18. The sexual abuse of minors by individuals in authority positions over them is a well-known problem in the United States.
>
> 19. The calculated cover-ups by groups like the Catholic Church, Little League, and the Boy Scouts was national news for decades prior to 2010.
>
> 20. Major media outlets have been reporting on sexual abuse in USOC-[United States Olympic Committee] controlled NGBs [National Governing Body], particularly United States Swimming and United States Gymnastics, since the early 1990s.

21.   By 2010, sexual abuse in sports controlled by the USOC was an undeniable epidemic.

22.  In 2010, the USOC commissioned a task force ("USOC Task Force") to prevent sexual abuse in sports controlled by the USOC and its NGBs.

23.  The leader of the USOC Task Force understood the importance of her work, telling The New York Times that sexual abuse of minors in NGB-controlled sports is a "grassroots problem" affecting "one million" kids. [citation omitted]

24.  The 2010 USOC Task Force suggested that the NGBs "implement new policies, safeguards, and protective practices within six months."

25.  The then-CEO of the USOC, Scott Blackmon, believed that the USOC and its NGBs would implement the changes suggested by the Task Force within six months.

26.  The USOC Task Force recommended that the NGBs, including USTA:

> a.   Develop policies and procedures to define and prohibit sexual abuse;
>
> b.  Develop education training and programs for their adult members; and
>
> c.  Develop policies and procedures for minors to report sexual abuse.

USTA summarily asserts that these paragraphs are "wholly irrelevant and immaterial" to the claims against USTA and that USTA should not be required to respond to "generic, non-specific allegations that have nothing to do with this entity, this case, or this plaintiff." Without focusing on any particular paragraph, USTA simply asserts that "they all meet the threshold for immaterial, impertinent, scandalous and argumentative and should be stricken." The court is not persuaded.

As plaintiff highlights in her response, USTA has not asserted that any of the paragraphs are prejudicial to it.  Indeed, most of the paragraphs have nothing to do with USTA.  And USTA does not suggest that these allegations require complex or lengthy responses in its Answer.  The lack of any suggested or discernible prejudice cuts heavily against striking those paragraphs.  Moreover, each of the challenged paragraphs has at least some relevance to plaintiff's claim that USTA and KCRC negligently failed to protect her from sexual abuse.  For example, the paragraphs concerning the events leading up to the USOC's commission of a task force that later suggested the implementation of various policies and procedures to prevent sexual abuse supports plaintiff's theory that USTA knew or should have known that its athletes were vulnerable to sexual abuse and yet failed to take any action—even action specifically suggested by the USOC—to prevent that abuse. While paragraphs 18 and 19 are clearly less relevant to plaintiff's negligence claim, the court is satisfied that these paragraphs provide background to the key issue of whether USTA acted reasonably under the circumstances.

Based on the applicable standard, and on the arguments presented in USTA's motion, the court finds no basis to strike any of the paragraphs challenged by USTA.  The motion is denied in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant United States Tennis Association's motion to strike (doc. #23) is denied.

**IT IS SO ORDERED.**

4

Dated this 14th day of January, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*

John W. Lungstrum
United States District Judge
