IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ADRIENNE JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-2422-JWL-TJJ |
| | ) |
| UNITED STATES TENNIS | ) |
| ASSOCIATION ("USTA"), KANSAS | ) |
| CITY RACQUET CLUB, | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AND
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Comes now Plaintiff Adrienne Jensen, by counsel, and responds to the Court's Order to Show Cause. Further, and pursuant to Fed. R. Civ. P. 15(a)(2) and D. Kan. R. 15.1(a), Ms. Jensen respectfully moves the Court for leave to file an Amended Complaint, and in support thereof, states as follows:

### I.     RESPONSE TO ORDER TO SHOW CAUSE

On February 11, 2021, the Court issued a *Notice and Order to Show Cause* related to Plaintiff's case against Defendant Kansas City Racquet Club ("KCRC"). [ECF No. 35.] The Order instructs Ms. Jensen to move for default judgment against KCRC or show cause as to why this case should not be dismissed against KCRC for lack of prosecution. Ms. Jensen will not be moving for an entry of default judgment, and so asserts that she has had good cause for her lack of prosecution against this defendant.

When Plaintiff filed her original Complaint against KCRC, she attempted to identify but could not be certain of the correct owners of KCRC due to limited public information. Plaintiff

1

has served two different potential parties and then through discussion with counsel for these respective parties concluded neither was the proper defendant in this case. To begin, Plaintiff served the Gold's Gym company, which is a name that KCRC operated under for a period of time. At the time Plaintiff was attempting to serve Gold's Gym, it was undergoing a corporate bankruptcy, and Plaintiff had to serve multiple addresses before making contact with a representative of the company. Based on conversations with the representative, it appears that Gold's Gym was not an owner of KCRC during the events at issue.

Plaintiff also served Genesis Health Clubs, the current owner of the facility where the KCRC formerly operated. Again, following conversations with the representative of Genesis Health Clubs, it appears that Genesis was not an owner of KCRC during the events at issue.

Through further research, Plaintiff identified R&D Fitness, Inc. as the potential owner of KCRC during the events at issue. Plaintiff attempted several service addresses based upon the filings in the Kansas Secretary of State portal. Ultimately, Plaintiff's process server located a different possible address and served the lawsuit. Plaintiff filed this return of service. *See* ECF 34. No one has filed a response to the suit on behalf of R&D Fitness, Inc. Nevertheless, based upon the amount of time it took to identify and serve a representative of R&D Fitness, Inc. and because Plaintiff intended to seek leave to file the below-requested Amended Complaint, Plaintiff decided to not seek immediate default on R&D Fitness, Inc. Instead, Plaintiff planned, with the Court's leave, to file an Amended Complaint and then serve such filing on R&D Fitness, Inc. It would seem to be a better use of the Court's and the parties' resources to serve R&D Fitness, Inc. with the operative, Amended Complaint, rather than have R&D respond to a potentially outdated complaint and also possibly raise issues regarding the timeliness of service of the outdated complaint.

Further, based upon Plaintiff's research and conversations with representatives of Gold's Gym and Genesis Health Clubs following the filing of the original complaint, Plaintiff concluded that it was necessary to identify the proper corporate defendant in the Amended Complaint to avoid these unnecessary parties from having to enter their appearances and contest their inclusion in the lawsuit. In the interest of avoiding unnecessary expense and litigation, Plaintiff agreed with representatives of Gold's Gym and Genesis Health Clubs that these parties would not need to seek dismissal as Plaintiff would be amending such parties out of the original complaint.

Therefore, Plaintiff respectfully requests that the Court permit Plaintiff to serve the Amended Complaint on R&D Fitness, Inc. Plaintiff seeks such permission from the Court in order to avoid (1) avoid consuming the Court's time with arguments regarding proper service, (2) avoid R&D from responding to a possibly outdated Complaint, and (3) allow Plaintiff to correctly identify the correct owner of KCRC during the events at issue and avoid requiring Gold's Gym or Genesis Health Club from having unnecessarily to enter this litigation.

## II.     MOTION FOR LEAVE TO AMEND

**<u>Statement of Amendment or Leave Sought.</u>** Ms. Jensen seeks leave to file an Amended Complaint to address two separate issues. The first issue is described above; the proposed Amended Complaint corrects the issue regarding corporate ownership of the KCRC and contains the corresponding contact information for service purposes. The second issue relates to Defendant United States Tennis Association and is described below.

On October 30, 2020, the Court dismissed Ms. Jensen's TVPRA count against USTA, finding "plaintiff . . . failed to allege facts plausibly showing that defendant USTA knew or recklessly disregarded the fact [that] Coach Haultain was abusing plaintiff[.]" [ECF No. 22 at

3

14.] Since the Court's Order, Ms. Jensen has learned new facts to support her TVPRA claim against the USTA, and the Amended Complaint seeks to revive it.

The newly discovered facts described in Ms. Jensen's proposed Amended Complaint (which is attached hereto as Exhibit 1, with the exhibits to the Complaint also attached), will show that the USTA knew "for many years" prior to 2012 that sexual abuse of athletes was a problem and that USTA prioritized funding over the safety of its athletes.

On December 7, 2012, F. Skip Gilbert, then-Managing Director of the USTA, sent a letter to Scott Blackmun, CEO of the USOC wherein he admitted that the USTA interacted with its members and coaches "on a daily basis" and had "access to them". He complained that the "USOC Board's proposal to mandate 'minimum' SafeSport standards" was misguided and could cause the USTA to lose recognition or performance funding. He went on to say that "the USTA [had] been developing and enforcing [their] own policies for many years, long before the USOC . . . contemplated the SafeSport program." (This letter is attached hereto as Exhibit A to the proposed Amended Complaint.)

On December 11, 2012, Mr. Blackmun responded to Mr. Gilbert, stating: "Given the seriousness of the issue and the horrifying incidents that have surfaced over the last two or three years, I am finding it hard to fathom that you would equate the proposed policy with bullying and harassment." He went on to acknowledge the "very serious problem" of abuse in sport and stated that "almost everybody has expressed strong support" of the USOC's initiative. Both Mr. Blackmun and his board chairman were "taken aback by the disagreeable tone of [USTA's] letter." (Mr. Blackmun's response to Mr. Gilbert is attached hereto as Exhibit B to the proposed Amended Complaint.)

On December 13, 2012, Mr. Gilbert replied, reiterating that, "[f]or many years" the USTA had "been a leader in implementing robust policies and procedures to ensure" the growth of its sport "while mitigating any risk of misconduct." (This reply is attached hereto as Exhibit C to the proposed Amended Complaint.)

**Amended Pleadings Standard.** The proposed Amended Complaint directly addresses the Court's concerns related to notice for the TVPRA claim. Federal Rule 15(a)(2) permits amended pleadings with the court's leave, and instructs that leave should be freely given when justice so requires.

WHEREFORE Plaintiff respectfully seeks leave of the Court to file the attached Amended Complaint, correcting the corporate ownership of KCRC and adding facts to revive her TVPRA claim, showing USTA was on notice of the specific risk coaches like Rex Haultain posed to young athletes like Ms. Jensen, and further showing that USTA was more concerned about keeping their funding than keeping their athletes safe.

Respectfully submitted,

/s/ Chris Dove
Christopher Dove    KS #21251
DRZ LAW, LLC
8700 State Line, Suite 305
Leawood, KS 66206
913-400-2033
chris@drzlawfirm.com

Jonathan Little (admitted *pro hac vice*)
Annemarie C. Alonso  (admitted *pro hac vice*)
Saeed and Little, LLP
133 W. Market St., #189
Indianapolis, IN 46204
317-721-9214
jon@sllawfirm.com

CERTIFICATE OF SERVICE

I certify that on February 24, 2021, the foregoing was filed using the Court's CM/ECF system. Service will be made on all ECF-registered counsel of record by operation of the same.

s/ Chris Dove