IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIENNE JENSEN,                         )
                                         )
                    Plaintiff,           )
                                         )
      v.                                 )     Case No. 20-2422-JWL
                                         )
UNITED STATES TENNIS                     )
ASSOCIATION AND KANSAS CITY              )
RACQUET CLUB,                            )
                    Defendant.           )
                                         )
_____)

## **MEMORANDUM AND ORDER**

Plaintiff Adrienne Jensen, a former tennis player, filed a Missouri state court petition alleging that defendants negligently failed to protect her from her former coach's sexual abuse and that defendants are liable under § 1589(b) of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). The case was removed to the federal district court in the Western District of Missouri on the basis of both diversity jurisdiction and federal question jurisdiction. Thereafter, the case was transferred to this court under 28 U.S.C. § 1404(a).

In October 2020, this court granted in part and denied in part defendant United States Tennis Association's ("USTA") motion to dismiss the complaint. Specifically, the court denied the motion to dismiss plaintiff's negligence claim and granted the motion to dismiss plaintiff's TVPRA claim. On February 11, 2021, the magistrate judge assigned to the case issued a notice and order to show cause directing plaintiff, on or before February

25, 2021, to either move for entry of default and file a motion for default judgment as to defendant Kansas City Racquet Club ("KCRC") or show good cause why this case should not be dismissed against that defendant for lack of prosecution.

This matter is now before the court on plaintiff's response to the show cause order and her motion for leave to file an amended complaint (doc. 36). By way of response to the show cause order, plaintiff indicates that, after some initial confusion regarding the corporate ownership of defendant KCRC, she has now discovered the owner of defendant KCRC and seeks permission to file the proposed amended complaint (which amends certain allegations about corporate ownership) and then serve that complaint on the newly discovered owner of defendant KCRC. The court grants this aspect of the motion for leave to file an amended complaint and finds good cause why this case should not be dismissed against defendant KCRC for lack of prosecution.

In her motion, plaintiff also seeks leave to add facts sufficient to revive her TVPRA claim against defendant USTA. This aspect of the motion is denied as futile. As explained in the court's memorandum and order granting the motion to dismiss this claim, plaintiff was required to, but did not, plausibly allege facts showing that USTA knew or recklessly disregarded the fact that Coach Haultain was abusing plaintiff. In her complaint, plaintiff did not allege that she ever notified USTA about Coach Haultain's conduct and did not allege that anyone employed by USTA witnessed Coach Haultain's conduct or otherwise had any reason to know about Coach Haultain's conduct. Plaintiff did not even allege that USTA generally was aware of sexual abuse occurring within USTA or occurring at USTA-

2

sanctioned tournaments or that USTA was aware that Coach Haultain abused any other athletes.

Rather, plaintiff sought to support her TPVRA claim by suggesting, essentially, that USTA "must have known" that Coach Haultain was abusing plaintiff because sexual abuse was "rampant" in other USOC-controlled sports. Plaintiff, for example, alleged that "the entire premise of elite sports serving as a petri dish for predator coaches to flourish has been well known since at least the second half of the Twentieth Century." Plaintiff's complaint referenced sexual abuse cover-ups in United States Swimming and United States Gymnastics and generally asserted that sexual abuse within USOC-controlled sports is an "undeniable epidemic." The court rejected plaintiff's theory of constructive knowledge, finding it "simply too attenuated to be reasonable." *Compare Gilbert v. United States Olympic Committee*, 423 F. Supp. 3d 1112 (D. Colo. Sept. 27, 2019) (denying motion to dismiss TVPRA claim because the plaintiffs specifically alleged that they complained to the defendant about sexual abuse at the hands of their coach).

In her motion to amend, plaintiff seeks to include newly discovered facts that she contends plausibly show that USTA knew or recklessly disregarded the fact the Coach Haultain was abusing plaintiff. Specifically, plaintiff has discovered December 2012 correspondence between the then-managing director of the USTA and the CEO of the United States Olympic Committee concerning the USOC's "SafeSport" initiative. In that correspondence, the USTA strongly resists the USOC's proposal that would mandate certain standards for its NGBs in favor of permitting each NGB to develop and implement their own SafeSport policies for their respective sports. Plaintiff contends that this

3

correspondence, and certain specific assertions contained therein, plausibly show that USTA "knew for many years prior to 2012 that sexual abuse of athletes was a problem and that USTA prioritized funding over the safety of its athletes." Plaintiff directs the court to no case law supporting her motion to amend.

Even accepting plaintiff's characterization of the correspondence, these additional facts are akin to the facts that the court has previously found insufficient to show that USTA knew or recklessly disregarded the fact that Coach Haultain was abusing plaintiff. The correspondence clearly does not suggest any specific knowledge about Coach Haultain nor any other coach and does not suggest knowledge of any abuse occurring within USTA. At most, it shows that USTA—consistent with the allegations in the initial complaint—knew that sexual abuse had generally occurred in USOC-controlled sports. It also shows that USTA recognized that the potential for sexual abuse required the implementation of measures to ensure safe environments for athletes. The allegations do not plausibly show that USTA, for purposes of 18 U.S.C. § 1589's prohibition on forced labor or services, plausibly showing that USTA knew or recklessly disregarded the fact that Coach Haultain was abusing plaintiff. The motion to amend is denied. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (district court may refuse leave to amend based on futility of amendment).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's response to show cause order and motion for leave to file amended complaint (doc. 36) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff has shown good cause why this case should not be dismissed against defendant KCRC for lack of prosecution. Plaintiff shall file her amended complaint concerning corporate ownership no later than **Wednesday, April 14, 2021.**

**IT IS SO ORDERED.**

Dated this 1st day of April, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge