IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIENNE JENSEN, )
)
     Plaintiff, )
)
 v. )  Case No. 20-2422-JWL
)
UNITED STATES TENNIS )
ASSOCIATION AND KANSAS CITY )
RACQUET CLUB, )
     Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

Plaintiff Adrienne Jensen, a former tennis player, filed suit against defendants alleging that defendants negligently failed to protect her from her former coach's sexual abuse. This matter is presently before the court on plaintiff's motion for default judgment (doc. 42) against defendant Kansas City Racquet Club pursuant to Federal Rule of Civil Procedure 55(b). The motion is denied.

Federal Rule of Civil Procedure 55 envisions a two-step process for obtaining a default judgment. *Meyers v. Pfizer, Inc.*, 581 Fed. Appx. 708, 710 (10th Cir. 2014). First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. *Id.*; Fed. R. Civ. P. 55(a). Second, following an entry of default by the clerk, the party entitled to a judgment by default shall apply to the clerk or the court under Rule 55(b), depending on the nature of the relief requested. *Meyers*, 581

Fed. Appx. at 708 & n.3.  The court cannot enter default judgment at this juncture because no entry of default has been requested or entered under Rule 55(a).  *See id*. at 710-11.  Once default is entered, plaintiff may file a motion for default judgment under Rule 55(b) with the court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for default judgment (doc. 42) is denied without prejudice to refiling once default is entered.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge