UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIENNE JENSEN,

      Plaintiff,

      v.

UNITED STATES TENNIS
ASSOCIATION, et al.

      Defendants.

CAUSE NO. 2:20-cv-02422-JWL-TJJ

**PLAINTIFF'S MOTION TO REVIEW MAGISTRATE'S ORDER**

Comes now Plaintiff Adrienne Jensen, by counsel, and pursuant to Local Rule 72.1.4 and Fed. R. Civ. P. 72(a), respectfully moves the Court to review the Magistrate's Order at Docket No. 98 (the Court's reasoning is at Docket No. 101).

**SUMMARY OF UNDERLYING MOTION AND ISSUES**

On December 6, 2021, Defendant USTA filed a Motion for Protective Order on FRCP 30(b)(6) Topics. [Dkt. 90] Generally, Defendant sought the following relief:

1. "USTA seeks a protective order providing the issue of duty is limited to the alleged individual duty owed to Plaintiff, not any alleged duty to any and all USTA members over an indefinite period of time, and that the scope of the Rule 30(b)(6) deposition be limited to the same across all topics." [Doc. 90 at 4-5.]

2. "For all Topics, USTA seeks a protective order limiting the deposition inquiry to the relevant time period of 2009 through Aug. 2011." [Doc. 90 at 5.] "USTA seeks a Protective Order prohibiting Plaintiff from exploring prior sexual abuse allegations of other USTA members during the Phase 1 deposition of USTA's corporate designee." [Doc. 90 at 6.]

3. "USTA seeks a Protective Order limiting Topic 9 to [certain topics.]" [Doc. 90 at 7.]

1

4.  "USTA seeks a Protective Order limiting Topics 2 and 3 to travel and selection for tournaments Plaintiff herself actually played in or traveled to with Rex Haultain." [Doc. 90 at 7.]

On December 8, 2021, Magistrate Judge James ordered an expedited response from Plaintiff, setting the deadline as 12:00 PM on December 13, 2021, and denying the Defendant a reply. [Dkt. 93] On December 13, 2021, Plaintiff responded to Defendant's Motion, arguing:

1.  Defendant failed to establish the requisite good cause for entry of a protective order;

2.  There should not be any distinction between the duty owed to Ms. Jensen and the duty owed to all minor athletes;

3.  A temporal limitation would be inappropriate because she was the victim of USTA's willful failure to address the known dangers coaches posed to minor athletes; further, Ms. Jensen had physical exhibits (correspondence) demonstrating USTA's resistance to the US Olympic Committee's efforts to curb sexual abuse by coaches, and the temporal limitations sought would impede her ability to ask about these letters;

4.  Limiting discovery to USTA's knowledge of the abuse of Ms. Jensen by Rex Haultain would prevent her from proving facts that USTA maintained a culture that led to the abuse;

5.  Certain topics, while ultimately inadmissible, are not necessarily un-discoverable; and

6.  Restricting discovery on travel arrangements for tournaments to only those Ms. Jensen actually played in highlighted a factual disagreement between the parties and Ms. Jensen should be permitted discovery.

[Dkt. 94]

In addition, Ms. Jensen pointed out that, on the one hand, in a pending USTA Motion related to her request for admission responses [Dkt. 89], USTA had accused Ms. Jensen of failing to make a reasonable inquiry, but, on the other hand, the instant Motion for Protective

Order actively sought to prevent her from making a reasonable inquiry into many of the same topics. [Dkt. 98]

On December 16, 2021, Magistrate Judge James issued her Order granting in part, and denying in part, USTA's Motion. [Dkt. 98] The Court ordered as follows:

1. <u>Scope of Duty</u>: Although the relevant duty at issue is USTA's duty owed to Plaintiff, Plaintiff may inquire about other prior incidents of sexual abuse of minors within the USTA, **limited to the time frames specified *infra* in paragraph 2.**

2. <u>Temporal Scope:</u> For all allowed topics except Topics 10, 13, and 15, the temporal scope is hereby limited to 2009 through August 2011. For Topics 10, 13, and 15, the temporal scope is hereby limited to 2001 through August 2011.

3. <u>Topics 10 and 13:</u> As noted *supra* in paragraphs 1 and 2, Plaintiff may inquire about Topics 10 and 13 between 2011 and August 2011.

4. <u>Topic 9:</u> The Court will not allow Plaintiff to inquire about USTA's insurance program, as it is irrelevant to the Phase 1 discovery topics. Topic 9 shall be omitted.

5. <u>Topics 2 and 3</u>: Both of these topics are limited to the 2009 through August 2011 time period identified above. However, they are **not** limited only to tournaments Plaintiff traveled to or teams was selected for.

[Dkt. 98 (emphasis in original)]

Plaintiff seeks review of the Magistrate's order to the extent that it granted the relief sought by USTA.

## LEGAL STANDARD

A party may object to a magistrate judge's order pertaining to a discovery matter. *See* Fed. R. Civ. P. 72(a). Upon objection, the district court may "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). Under this standard, the district court must affirm the magistrate's rulings 'unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1998) (citation and quotation omitted). Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will

3

overrule the magistrate's determination only if this discretion is abused. *Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991).

*Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 453 (D. Kan. 2004).

## ARGUMENT

**At no point did Defendant USTA meet its burden to show that a protective order was necessary. The Magistrate acknowledged this failing in her Memorandum, yet granted relief anyway. This is clear error and an abuse of discretion.**

"The decision to enter a protective order is within the court's discretion." *Reed v. Nellcor Puritan Bennett & Mallinckrodt*, 193 F.R.D 689, 691 (D. Kan. 2000) (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)). "The party seeking a protective order has the burden to demonstrate good cause." *Id.* (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)). "To establish good cause, that party must make a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, Civil Action Case No. 01-2009-KHV, 2002 U.S. Dist. LEXIS 8134, at *3 (D. Kan. May 2, 2002) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

Apart from a perfunctory statement that "good cause exists for entry of a Protective Order" (Dkt. 90 at 3), Defendant failed to explain how the discovery sought by Ms. Jensen would annoy, embarrass, oppress, or cause undue burden or expense, as required by Fed. R. Civ. P. 26(c)(1). As Magistrate Judge James put it, "Significantly, Defendant does not even attempt to meet the standard for a protective order by showing that its 30(b)(6) designee needs protection from 'annoyance, embarrassment, oppression, or undue burden or expense.'" [Dkt. 101 at 4.]

USTA's omission of any reference to *why* a protective order was warranted should have ended the matter. Federal Rule 26(c)(1) requires good cause. The Court has reiterated that "[t]he

4

movant *must* show good cause for a protective order." *Citimortgage, Inc. v. Sanders*, No. 11-cv-

2540-EFM-GLR, 2012 U.S. Dist. LEXIS 171709, at *3 (D. Kan. Dec. 4, 2012) (emphasis

added). USTA wholly failed to make any showing of good cause. After acknowledging that fact,

the Magistrate Judge's decision to consider USTA's arguments, and then to grant any relief, was

an abuse of discretion.

## CONCLUSION

The Magistrate Judge abused her discretion to the extent she granted any relief sought by

Defendant USTA after specifically noting that USTA had failed to meet its burden to show good

cause warranting the protective order. The Order should be modified, denying all relief sought by

USTA in its original motion.

Respectfully submitted,

s/ *Jonathan Little*
Jonathan Little, *admitted pro hac vice*
Annemarie Alonso, *admitted pro hac vice*
SAEED & LITTLE, LLP
#189 – 133 West Market St
Indianapolis, IN 46204
(317) 721-9214
jon@sllawfirm.com
annie@sllawfirm.com

Chris Dove
8700 State Line Road Suite 305
Leawood, Kansas 66206
(913) 400-2033
chris@drzlaw.com

CERTIFICATE OF SERVICE

I certify that the foregoing was emailed to Chambers and the Court and all counsel of record on January 10, 2022. It was filed using the Court's CM/ECF System on the date electronically stamped in the header of this document. Service will be made on all CM/ECF-registered counsel of record by operation of the same.

s/ *Jonathan Little*

Jonathan Little