UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADRIENNE JENSEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-2422-JWL-TJJ |
| ) | |
| UNITED STATES TENNIS ) | |
| ASSOCIATION and FLEX FINANCIAL ) | |
| HOLDING COMPANY, d/b/a Kansas ) | |
| City Racquet Club, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant United States Tennis Association, Inc's ("USTA") Motion to Compel and to Determine the Sufficiency of Plaintiff's Response to USTA's Request for Admissions (ECF No. 89).

**Background**

The Court ordered that discovery be bifurcated in this case, and Phase I ended December 17, 2021. The case's first phase of discovery is limited to the potentially dispositive issues of legal duty, choice of law, and statute of limitations.[1] The parties' deadline to file dispositive motions regarding these issues is February 1, 2022. The parties first notified the Court of many of the disputes raised in Defendant USTA's motion on November 9, 2021. The Court conducted a telephone conference and gave the parties guidance on November 12, 2021. At that time, the Court ordered Plaintiff to serve any supplemental responses, privilege logs, and additional document production by November 18, 2021. The Court required the parties to again confer in good faith after any supplemental disclosures, and set a deadline of December 1, 2021 for

---

[1] ECF No. 59 at 1 n.1.

1

Defendant USTA to file a motion to compel if Plaintiff's responses remained unsatisfactory. The parties conferred again on November 29, 2021, and Defendant USTA filed its motion on December 1, 2021. Defendant USTA contends (and Plaintiff does not dispute) that the parties have conferred in good faith to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. The Court agrees.

In its motion, Defendant USTA contends that one Interrogatory answer remains deficient, as well as five responses to Requests for Production. Defendant USTA also argues that many of Plaintiff's responses to its ninety-three Requests for Admissions are improper or inconsistent. The Court reviews each of these arguments under the legal standards recited within this Memorandum and Order.

**Interrogatory No. 4**

Defendant USTA first asks this Court to compel Plaintiff to supplement her answer to Interrogatory No. 4 to disclose the videotaped interview Plaintiff did with KSHB-TV in Kansas City sometime prior to July 2021. In her response, Plaintiff agreed to update the Interrogatory and the accompanying Requests for Production (Nos. 15, 16, 17, and 30). This Court cannot determine whether Plaintiff has delivered as promised. Defendant UTSA's reply brief indicates she has not, and Plaintiff has not filed certificates of service as directed by the Court in ECF No. 85 ("Plaintiff shall file a certificate of service with the Court reflecting the date(s) all required discovery responses were served."). If Plaintiff has not yet supplemented her answer, she shall do so by January 28, 2022. By that date, Plaintiff shall also file a certificate of service to indicate the date on which she supplemented.

**Request for Production No. 5**

Defendant USTA's Request for Production No. 5 seeks medical authorizations for Defendant USTA to obtain Plaintiff's medical records and the statement of Mary Buschman. Plaintiff contends her medical records are not relevant to the issue of duty, so they need not be produced at this stage of the case. But her medical records are relevant to the statute of limitations defense and choice of law—which are also part of Phase 1 discovery. They will likely provide relevant information regarding when and where Plaintiff first ascertained her potential damages. Plaintiff shall produce medical authorizations forthwith.

As for the statement of Mary Buschman, Plaintiff represents in her response that the statement has been produced.[2] Again, the Court cannot tell whether Plaintiff has or has not produced the statement, as no certificate of service has been filed. Defendant USTA says she has not. Once again, if Plaintiff has not produced the statement, she shall do so immediately. Plaintiff shall also file a certificate of service to indicate the date(s) on which she produced her medical authorizations and the Buschman statement, by January 28, 2022.

**Request for Production Nos. 15, 16, 17, and 30**

Request for Production Nos. 15, 16, 17, and 30 relate to communications that Plaintiff and counsel have had with KSHB relating to abuse by Rex Haultain and the videotaped interview Plaintiff gave to KSHB. As noted *supra* in the discussion of Interrogatory No. 4, Plaintiff has said she will produce the communications.[3] Despite this concession, Plaintiff later argues half-heartedly that the requests are not relevant to the issue of duty.[4] But she also

---

[2] ECF No. 97 at 4.
[3] *Id.* at 3 ("Ms. Jensen agrees to update this Interrogatory and the accompanying Requests for Production.").
[4] ECF No. 97 at 4. In her amended responses served November 18, 2021, Plaintiff also raised the common interest exception to the waiver of work product doctrine as to her attorney's media

recognizes that she did not raise a relevancy objection earlier, which results in a waiver of the objection.[5] The Court overrules this objection, and orders Plaintiff to produce non-privileged communications relating to Plaintiff's interview with KSHB, by January 28, 2022.[6]

**Requests for Admissions**

The bulk of Defendant UTSA's motion focuses on Plaintiff's responses to its Requests for Admission.[7] Federal Rule of Civil Procedure 36 governs requests for admission. Rule 36(a)(4) and (6) provide the following regarding answers to requests for admission:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> . . . .
>
> (6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does

---

strategy. (ECF No. 89-6 at 6.) Defendant USTA spent several pages in its motion arguing why privilege and the common interest exception do not apply. (ECF No. 89 at 8–9.) Plaintiff did not respond to those arguments at all. (ECF No. 97 at 4.) The Court considers Plaintiff's common interest exception position abandoned.
[5] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 200 (D. Kan. 1996).
[6] To the extent Defendant USTA argues that Plaintiff waived any privilege assertion because she originally did not timely respond to the Requests for Production, (ECF No. 89 at 5), the Court disagrees. The Court gave Plaintiff until November 18, 2021 to amend her responses and provide privilege logs, and Plaintiff did so.
[7] Part of the difficulty here is Defendant UTSA's heavy use of requests for admission on matters that would be better explored through depositions or other discovery, leading to, in many instances, Plaintiff's difficulties responding in a proper and responsive way.

4

not comply with this rule, the court may order either that the matter
is admitted or that an amended answer be served.[8]

Requests for admission have two purposes: (1) to reduce trial time by facilitating proof of disputed issues, and (2) to narrow issues where they can be resolved.[9] "The purpose of a request for admission generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[10]

The responding party must try, in good faith, to obtain information allowing it to admit or deny the request.[11] The party must, therefore, specify in its answer that it has made reasonable inquiry to ascertain the truth if it is reasonably within its power to do so.[12] In other words, Fed. R. Civ. P. 36 imposes a duty on the responding party to make a reasonable inquiry to determine its ability to admit or deny.[13] A party that is unable to admit or deny a request must provide a detailed explanation describing their inability to admit or deny the request.[14] A sufficient response must "fairly meet the substance of the requested admissions."[15] Determining the sufficiency of a party's response is left to the discretion of the court.[16]

When a party objects to a request for admission, the objecting party bears the burden to justify its objection.[17] If the Court overrules the objection, it will then address the sufficiency of

---

[8] Fed. R. Civ. P. 36(a).
[9] Fed. R. Civ. P. 36 advisory committee's note (1970 amend.).
[10] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995) (quoting *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. 1989)).
[11] *Id.* at *2.
[12] *Id.*
[13] *Harris v. Oil Reclaiming Co., LTD.*, 190 F.R.D. 674, 679 (D. Kan. 1999).
[14] *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 694 (D. Kan. 1990).
[15] *Harris*, 190 F.R.D. at 677.
[16] *Id.*
[17] *Moses v. Halstead,* 236 F.R.D. 667, 680 (D. Kan. 2006) (citing *Jones v. Rent a Center Inc.*,

the response.[18] The Court considers both the phrasing of the requests, as well as the answers or objections.[19]

Requests for Admission are not challenged in a motion to compel;[20] instead, Rule 36(a) authorizes a motion to determine the sufficiency of the answers. This is the lens through which the Court reviews Plaintiff's answers to the Requests for Admission.

### RFA No. 28

RFA No. 28 asks Plaintiff to admit or deny that "[t]he 'breakdown' referred to in Paragraph 85 of the Second Amended Complaint occurred at the Kansas City Racquet Club."[21] In response, Plaintiff neither admitted nor denied the statement and said that she does not know which breakdown Defendant USTA is referencing. But the breakdown is the one that Plaintiff referenced in paragraph 85 of her Second Amended Complaint, which states, "After Coach Haultain continued to mentally break Ms. Jensen down, she had a breakdown on the court at practice in the summer of 2010."[22] Plaintiff should be able to clarify her own allegation with an admission or denial. Plaintiff's answer is insufficient; her explanation does not justify her claimed inability to admit or deny the request. Plaintiff has had adequate opportunities to amend her answer to be responsive. The Court therefore deems the matter admitted.

---

No. 01-2320-CM, 2002 WL 924833, at *1 (D. Kan. May 2, 2002); *Audiotext*, 1995 WL 625744, at *4)).
[18] *Id.*
[19] *Audiotext*, 1995 WL 625744, at *2.
[20] *Ash Grove Cement v. Employers Ins. of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007) (citation omitted).
[21] ECF No. 89-5 at 6.
[22] ECF No. 59 at 10.

RFA No. 31

RFA No. 31 asks Plaintiff to admit or deny, "USTA has never dictated what tournaments or tennis events you participated in."[23] Plaintiff denied the statement, objecting that "dictated" is vague. Defendant USTA asks the Court to deem Plaintiff's answer an admission because originally Plaintiff admitted the statement in what Defendant USTA believed was an improper narrative response. Because Plaintiff has now changed her answer to a denial, Defendant USTA argues that Plaintiff's denial is inconsistent with her own prior statement.

The Court agrees with Plaintiff and sustains her objection. "Dictated" is vague, and the Court will not require Plaintiff to admit or deny RFA No. 31 (even though she already denied it despite objecting). In any event, a party is permitted to admit or deny requests that "contain undefined terms based upon [her] own definition of the terms."[24]

RFA No. 41

RFA No. 41 states, "You have never been required to have a coach in order to participate [in] tennis tournaments sanctioned by the USTA or any USTA Sectional Association."[25] Plaintiff denied the statement. Defendant USTA asks the Court to deem it admitted for failing to make a good faith and reasonable inquiry or asserting a bad faith denial. Defendant USTA also argues that this denial is inconsistent with her response to RFA No. 40, where Plaintiff admitted she has never been required to have a coach to be a member of the USTA.

To demonstrate why Plaintiff must admit this statement, Defendant USTA submitted a sworn statement from USTA (filed in another case) stating, "Junior Members were not required to have a USTA member as a coach in order to participate in USTA's Junior Team Tennis

---

[23] ECF No. 89-5 at 7.
[24] *Ash Grove Cement*, 2007 WL 2333350, at *5.
[25] ECF No. 89-5 at 9.

7

program or in USTA sanctioned tournaments," that "USTA has no requirement that players have tennis coaches or that tennis coaches be certified by USPTA, PTR, or any other entity," the "USTA does not certify, register, require or mandate the use of coaches or tennis teaching professionals," and that "USTA does not certify coaches or mandate that coaches be utilized."[26] Defendant alleges that Plaintiff both possesses and produced this statement, so Plaintiff is aware of its content.

What Defendant USTA is asking this Court to do is to determine that Defendant USTA's evidence is irrefutable and treat its sworn statement as established, uncontroverted facts. But on a motion for review, the Court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[27] The answering party may disagree with a sworn statement. If the party unreasonably denies a statement that is later proven true, though, she may be subject to Rule 37(c)(2) sanctions.[28]

The Court declines to require that Plaintiff amend her answer or have it deemed admitted. The Court's role is not to determine the merits of the answer, and Plaintiff's response to RFA No. 41 is sufficient.

## RFA No. 44

RFA No. 44 states, "USTA did not introduce you to Rex Haultain."[29] Plaintiff responded she could neither admit nor deny the statement because "introduce" is vague. Defendant USTA wants this RFA deemed admitted for failing to admit, deny, or detail what reasonable inquiry was made and why Plaintiff is unable to admit or deny the RFA. Defendant USTA argues that

---

[26] ECF No. 89-8 at ¶ ¶ 12, 13, 15.
[27] *Richard v. Sedgwick Cty. Bd. of Comm'rs*, No. 09-1278-MLB, 2013 WL 3467103, at *3 (D. Kan. July 10, 2013) (citation and internal quotation marks omitted).
[28] *Id.* (citation omitted).
[29] ECF No. 89-5 at 9.

Plaintiff's answer is inconsistent with two of her other answers, where she states that she first met Rex Haultain at a tournament in Kansas City[30] and that she knew of his reputation and he had coached her sister previously.[31]

The Court again agrees with Plaintiff and sustains her objection. "Introduced" is vague. And the Court does not find Plaintiff's answers inconsistent as Defendant USTA contends. Notably, her current answer to this RFA is an amendment of her original response, which Defendant USTA cites. By its nature, an amendment alters a prior response in some way. In its discretion, the Court declines to deem the RFA admitted or require Plaintiff to amend her answer yet again.

RFA Nos. 56 and 57

The next two challenged RFAs state, "You have never been required to have a tennis coach who was a member of the USTA to compete in USTA sanctioned tournaments" and "You have never been required to have a tennis coach who was registered or certified by any organization to compete in USTA sanctioned tournaments."[32] For both, Plaintiff answered that she lacked the knowledge to admit or deny. Defendant USTA wants these RFAs deemed admitted for failing to admit, deny, or detail what reasonable inquiry was made and why Plaintiff is unable to admit or deny the RFAs.

Again, Defendant USTA relies on its own affidavit, which states, "USTA has no requirement that players have tennis coaches or that tennis coaches be certified by USPTA, PTR, or any other entity," the "USTA does not certify, register, require or mandate the use of coaches

---

[30] Plaintiff states the tournament was UTSA-sanctioned; Defendant USTA says it was not.
[31] ECF No. 89-1 at 12 (Plaintiff's original RFA response); 89-2 at 6–7 (Plaintiff's Interrogatory answers).
[32] ECF No. 89-5 at 11.

or tennis teaching professionals," and that "USTA does not certify coaches or mandate that coaches be utilized."[33]

Although Plaintiff is not necessarily required to agree with Defendant USTA's sworn affidavit, her responses to these two RFAs are insufficient. Rule 36 requires that answering parties detail the reasons why they cannot admit or deny the matter.[34] And answering parties must commit themselves on the record to having made reasonable inquiry.[35] Plaintiff offers no detailed reason for her alleged inability to admit or deny RFA Nos. 56 and 57. Nor does she indicate that she has made reasonable inquiry. Plaintiff shall admit, deny, or fully and adequately explain why after reasonable inquiry she is unable to admit or deny RFA Nos. 56 and 57, on or before January 28, 2022.

### RFA Nos. 71 and 81

RFA No. 71 reads, "You did not inform the USTA of your hotel arrangements in Alabama for the trip identified in Paragraphs 83 - 84 of the Second Amended Complaint."[36] Similarly, RFA No. 81 states: "You did not inform the USTA of your hotel arrangements in Arizona for the trip identified in Paragraphs 108 - 118 of the Second Amended Complaint."[37] For both RFAs, Plaintiff states she can neither admit nor deny the requests because "inform" is vague. She admits she did not actively inform the USTA of her hotel arrangements, but specifies that she does not know whether she "passively informed" the USTA by booking its recommended hotel. Defendant USTA wants these RFAs deemed admitted pursuant to her

---

[33] ECF No. 89-8 at ¶ ¶ 12, 13.
[34] *Audiotext Commc'ns Network, Inc.*, 1995 WL 625744, at *7.
[35] *Id.*
[36] ECF No. 89-5 at 14.
[37] *Id.* at 16.

"stated narrative admissions," statements in her response to the Motion to Compel, and Rule 36(a)(3).

The Court sustains Plaintiff's objection to the term "inform" as vague and will not require Plaintiff to further respond to these requests.

RFA No. 93

In RFA No. 93, Defendant USTA asks Plaintiff to admit or deny that "USTA did not certify or license Rex Haultain as a tennis coach or other tennis teaching instructor."[38] Plaintiff marked "deny," but added that she lacked the knowledge to admit or deny. Defendant USTA wants the request deemed admitted for failing to make a good faith and reasonable inquiry or asserting a bad faith denial.

Defendant USTA cites the times Plaintiff's counsel has conceded that RFA No. 93 contains a true statement, but specified that Plaintiff herself did not know the statement was true during the relevant time period. Defendant USTA points out that the relevant time period for knowledge is when Plaintiff served her response.[39] And again, Defendant USTA directs the Court to USTA's own sworn statement that it does not certify, credential, or register coaches.[40]

Plaintiff's response to RFA No. 93 is ambiguous. She denies it, yet states that she lacks the knowledge to admit or deny. If her answer is a denial, she has no duty to explain her answer. But if her answer is that she can neither admit nor deny, then she must detail the reasons why she

---

[38] *Id.* at 18.
[39] *See John McClelland & Assocs., Inc. v. Med. Action Indus., Inc.*, No. CIVA 04-2545-CM, 2006 WL 2522738, at *2 (D. Kan. July 12, 2006) ("Defendant may not have known the answer to this request when it terminated plaintiff in April 2004, but the information should have been available in August 2005, when defendant served its responses to plaintiff's requests for admission. Defendant was obligated to make a reasonable inquiry to determine the answer to the request. It appears from the record that defendant failed to do so.").
[40] ECF No. 89-8 at 5.

cannot admit or deny the matter.[41] She must further commit that she has made reasonable inquiry.[42] Plaintiff must amend her answer to RFA No. 93 to elect one option or the other, on or before January 28, 2022. The Court will not, however, require Plaintiff to answer in accord with Defendant USTA's submitted evidence. Once again, on a motion for review, the Court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[43] The answering party takes the risk; if the party unreasonably denies a statement that is later proven true, she may be subject to Rule 37(c)(2) sanctions.[44]

RFA Nos. 37, 39, 85, and 86

Finally, both parties mention RFA Nos. 37, 39, 85, and 86, but neither discuss them in detail. Defendant USTA rolls these four requests into its general argument that if Plaintiff is going to leave a request unanswered, Plaintiff must detail the reasons why she cannot admit or deny the matter and commit that she has made reasonable inquiry. Plaintiff has not done either for any of these requests. For RFA Nos. 37 and 39 (asking whether USTA made travel arrangements and paid for flights or hotels), Plaintiff stated, "Plaintiff can neither admit nor deny this Request, stating: I am not sure if USTA paid for hotel rooms at National Team events."[45] For these two requests, Plaintiff's answers are incomplete (addressing only whether USTA paid for hotel rooms) and therefore insufficient, and she must amend to advise Defendant USTA of her efforts to make reasonable inquiry and why, in detail, she can neither admit nor deny the requests. Plaintiff shall do so on or before January 28, 2022.

---

[41] *Audiotext*, 1995 WL 625744, at *7.
[42] *Id.*
[43] *Richard*, 2013 WL 3467103, at *3 (citation and internal quotation marks omitted).
[44] *Id.* (citation omitted).
[45] ECF No. 89-5 at 8.

For RFA Nos. 85 and 86 (asking Plaintiff to admit neither she nor someone on her behalf reported the abuse to the USTA), Plaintiff states, "Plaintiff admits that she did not report the abuse to USTA. Plaintiff cannot know, and therefore denies, whether anyone acting on her behalf reported the abuse."[46] Although Plaintiff did not "check" the line for admit or deny, she explained what part of the statement she admitted and what part she denied. This is all that is required, and Plaintiff's responses to these two requests are sufficient.

**IT IS THEREFORE ORDERED** that Defendant USTA's Motion to Compel and to Determine the Sufficiency of Plaintiff's Response to USTA's Request for Admissions (ECF No. 89) is granted in part and denied in part.

Dated in Kansas City, Kansas on this 25th day of January 2022.

*[signature]*

Teresa J. James
U.S. Magistrate Judge

---

[46] *Id.* at 17.