IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIENNE JENSEN,                          )
                                          )
                          Plaintiff,      )
                                          )
        v.                                )        Case No. 20-2422-JWL
                                          )
UNITED STATES TENNIS                      )
ASSOCIATION et al.,                       )
                          Defendants.     )
                                          )
_____)

## MEMORANDUM AND ORDER

In December 2021, defendant United States Tennis Association (USTA) filed a motion for protective order seeking to limit the topics to be explored at the deposition of USTA's Rule 30(b)(6) corporate designee. The motion was granted in part and denied in part by the magistrate judge. As explained by the magistrate judge, defendant moved for a protective order but also argued that certain topics were not relevant to issues in the case's first phase of discovery. In resolving the motion, then, the magistrate judge looked to the standard governing protective orders set forth in Federal Rule of Civil Procedure 26(c) as well as the scope of relevancy as defined in Federal Rule of Civil Procedure 26(b)(1).

Plaintiff now moves the court to review the magistrate judge's order (doc. 105) pursuant to Federal Rule of Civil Procedure 72(a) on the grounds that the magistrate judge abused her discretion and committed clear error by granting relief despite the fact that she acknowledged that defendant had not met the standard for good cause set forth in Rule

26(c)—namely, that an order was required to protect defendant from annoyance, embarrassment, oppression, or undue burden or expense.

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

No mistake has been committed here and the motion is denied. The magistrate judge properly recognized that defendant's motion sought relief not only under the good cause standard of Rule 26(c), but also under relevancy considerations found in Rule 26(b). Indeed, defendant's motion expressly references both Rule 26(b) and Rule 45(d)(3) concerning motions to quash as a basis for relief. Without question, the magistrate judge properly considered the issue of relevance in ruling on defendant's motion and plaintiff has not objected to any of the magistrate judge's findings on that issue. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to review the magistrate's order (doc. 105) is denied.

2

**IT IS SO ORDERED.**

Dated this 14th  day of February, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge