UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADRIENNE JENSEN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 20-cv-2422-JWL-TJJ |
| | ) |
| UNITED STATES TENNIS | ) |
| ASSOCIATION and FLEX FINANCIAL | ) |
| HOLDING COMPANY, d/b/a Kansas | ) |
| City Racquet Club, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Rule 56(d) Motion (ECF No. 124). Plaintiff Adrienne Jensen filed the motion in response to motions for summary judgment filed by Defendants United States Tennis Association ("USTA") and Flex Financial Holding Company, d/b/a Kansas City Racquet Club ("Flex Financial"). For the reasons explained below, the Court denies Plaintiff's motion.

**I.    Factual Background**

During the initial Scheduling Conference in this case on August 2, 2021, after hearing arguments of counsel, the Court decided the best way to manage the case, mindful of Rule 1, was to limit the scope of the first phase of discovery to the potentially dispositive issues of legal duty, choice of law, and statute of limitations.[1] To date, this case has been governed by the Phase I Scheduling Order subsequently entered on August 5, 2021, which set a Phase I discovery deadline of December 17, 2021.

---

[1] ECF No. 59 at 1 n.1.

1

The parties exchanged discovery requests and responses over the next several months. Plaintiff issued written discovery requests to USTA and conducted a Rule 30(b)(6) deposition of USTA's corporate representative. Plaintiff did not issue written discovery requests to Defendant Flex Financial or request any depositions of its employees or representatives. Plaintiff also did not file a motion to compel regarding any of USTA's responses to her discovery requests.[2]

Near the close of Phase I discovery, USTA filed a motion for a protective order to limit the topics about which Plaintiff could depose Defendant's corporate representative,[3] which the Court granted in part. Discovery closed on December 17, 2021, and Defendants both filed timely motions for summary judgment on February 1, 2022. On March 16, 2022, Plaintiff filed the instant motion, arguing she does not have all the facts necessary to properly respond to Defendants' motions because she has not yet obtained all the discovery she needs.

**II.      Legal Standard**

Rule 56(d) permits a court, under limited circumstances, to delay ruling or deny a motion for summary judgment to allow further discovery. To be eligible for relief, the party opposing summary judgment must state by affidavit that she needs additional time to develop evidence to oppose the motion.[4] This is not a high burden, and affidavits submitted under the rule "are

---

[2] USTA's responses—which were barely responses at all—certainly invited a motion to compel. USTA repeated the same boilerplate objections to avoid providing substantive answers/document production to many of Plaintiff's Interrogatories and Requests for Production. *See generally* ECF No. 124-2. On the other hand, it appears Plaintiff served the requests before the Court limited discovery and did not update or modify them afterward.

[3] ECF No. 90.

[4] *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (applying the former version of Rule 56(d), Rule 56(f)).

entitled to liberal treatment unless they are dilatory or meritless."[5] Whether to grant or deny a Rule 56(d) motion lies within the sound discretion of the court.[6] But to receive relief, a movant must explain by affidavit: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."[7] These are known as the "*Gutierrez* factors."

A bare-bones affidavit is insufficient; a party may not merely assert that discovery is incomplete or that needed facts are unavailable.[8] And the fact that information is under another party's exclusive control fails, by itself, to justify relief.[9] "Furthermore, if the party filing the [Rule 56(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted."[10] Rule 56(d) "is not a license for a fishing expedition."[11] The Tenth Circuit has counseled, "We expect Rule 56(d) motions to be robust, and we have observed that an affidavit's lack of specificity counsels

---

[5] *Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1210 (10th Cir. 1988) (citing *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984)).

[6] *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).

[7] *Gutierrez v. Gobos*, 841 F.3d 895, 908 (10th Cir. 2016).

[8] *See Jensen*, 998 F.2d at 1554.

[9] *See Price*, 232 F.3d at 784.

[10] *Jensen*, 998 F.2d at 1554.

[11] *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990); *see also Price*, 232 F.3d at 784 ("If all one had to do to obtain a grant of a [Rule 56(d)] motion were to allege possession by movant of certain information and other evidence, every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files.") (citation omitted).

against a finding that the district court abused its discretion in denying a request for additional discovery under the rule."[12]

### III. Analysis

Plaintiff claims there are two broad facts in Defendants' summary judgment motions she would be able to controvert if allowed additional discovery: (1) whether USTA had knowledge of prior sex abuse within its adult and child members; and (2) the extent of Rex Haultain's connection and relationship with USTA and Flex Financial. Plaintiff submitted the required affidavit, signed by her attorney Jonathan Little, in support of her motion. The affidavit, frankly, is less than helpful. Counsel declares that, because of his prior litigation experience with other National Governing Bodies and sex abuse cases against them, "it is highly unlikely that USTA had no knowledge about child sex abuse between its adult and child members until 2011."[13] Essentially, counsel declares himself an expert in this type of case, and asserts that based on his expertise, he knows USTA must be hiding information. Regarding Haultain, counsel states, "We have been, and continue to try to locate and contact Rex Haultain. We have so far been unsuccessful."[14] But counsel does not specify what steps have been taken or what steps will be taken to make contact with Mr. Haultain more likely in the coming weeks or months.

Plaintiff attached several news articles to the affidavit, attempting to show that USTA knew or should have known of prior sexual abuse. However, most of the articles are decades old and Plaintiff offers no explanation why she didn't investigate the incidents described in the

---

[12] *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015) (quotations and alteration omitted).

[13] ECF No. 124-1 at 1–2.

[14] *Id.* at 2.

articles before the discovery deadline in this case. In addition, in most instances the articles involve individuals not associated with the USTA or it is unclear whether those individuals were associated with the USTA. None of the articles on their face indicate the USTA was aware of the incidents at any particular time, nor does Plaintiff state what efforts were made, if any, prior to filing the instant motion to locate the individuals mentioned in the articles. Plaintiff's desire to conduct discovery based upon these articles smacks of a fishing expedition rather than proper relevant and proportional discovery.

The affidavit's lack of specificity alone supports a finding that Plaintiff's motion should be denied. And the Court does not appreciate counsel's suggestion that his own suspicion USTA is withholding evidence means the Court must delay the case for counsel to do more digging, when counsel already had more than four months to conduct discovery. Nevertheless, despite these deficiencies in counsel's affidavit, the Court will turn to the merits of Plaintiff's arguments.

### A.   "Fact 1," USTA's Knowledge of Prior Sex Abuse

Plaintiff claims the first "probable fact not available" is that USTA "knew that its minor members were being preyed upon and sexually abused by its adult members . . . prior to 2011."[15] According to Plaintiff, she can't currently present this fact because her ability to conduct discovery was limited. Plaintiff says she tried to obtain information about this fact through written discovery, but USTA objected to her relevant Interrogatories and Requests for Production, declining to provide substantive answers or responses. She also blames the Court's bifurcation of discovery and its protective order limiting the scope of the 30(b)(6) deposition. Finally, she states she has been doing her own research in the public record and has found stories and court cases involving allegations of sexual abuse by tennis coaches. Specifically, Plaintiff

---

[15] ECF No. 124 at 6.

5

names Steven M. Gyson, Theodore Joseph Wargo, Normandie Burgos, Henry Germain, and Jason Bettuo as examples of sexually-abusive coaches USTA may have known about. She says that additional time for discovery into these names (and other names on the USTA's "Permanently Ineligible" list) will enable Plaintiff to propound more written discovery to USTA to obtain facts about USTA's knowledge of prior sexual abuse.

    Plaintiff's analysis of the *Gutierrez* factors is unconvincing. First, Plaintiff has not given valid reasons justifying why she is unable to present evidence of this fact now. It is true that the Court bifurcated discovery; but the Court specifically allowed discovery about duty,[16] which encompasses discovery regarding whether USTA had prior knowledge of sex abuse. Although Plaintiff complains that USTA objected to her Interrogatories and Requests for Production, she never challenged USTA's responses or asked for Court intervention as required by D. Kan. R. 37.1. Plaintiff's failure to file a timely motion to compel or to otherwise pursue and obtain substantive information in response to her discovery requests, is a problem of her own making. And the Court's limits on the 30(b)(6) deposition also did <u>not</u> prohibit Plaintiff from probing the topic of prior allegations of sexual abuse.[17] To the contrary, the undersigned judge allowed such inquiry, limiting Plaintiff only to a time period of ten years prior to August 2011.[18] The District Court upheld that decision.[19] The Court finds unpersuasive Plaintiff's arguments why she could

---

[16] ECF No. 59 at 1 n.1.

[17] ECF No. 101 at 4, 6.

[18] ECF No. 101 at 6 ("Plaintiff may inquire as to Topics 10, 13, and 15 about prior sexual abuse of minors in the USTA and USTA's related programs from 2001 through August 2011.").

[19] ECF No. 122 (holding that the undersigned judge "properly considered the issue of relevance in ruling on defendant's motion" and noting "plaintiff has not objected to any of the magistrate judge's findings on that issue").

not obtain this discovery earlier. As for the court cases, articles, and sexually abusive coaches Plaintiff seeks to conduct discovery on, the Court finds Plaintiff's request unjustified, disproportionate, and in the nature of a fishing expedition, as discussed *supra* relative to Plaintiff's counsel's affidavit.

Second, Plaintiff's proposal for obtaining the information she seeks is one she certainly could have pursued during the four-plus months the Court allowed for Phase I discovery. In fact, when Plaintiff suggested she might need additional time for Phase I discovery, the Court gave her the opportunity to propose new deadlines.[20] Plaintiff did not submit a proposal to the Court.[21] It was only after Plaintiff failed to respond that the Court held the discovery deadline would remain December 17, 2021.[22]

Plaintiff's actions during Phase I discovery were less than diligent and did not net her the evidentiary support she now seeks, belatedly. But she had avenues to fill that void well before now. The Court will not delay the summary judgment process or the progression of this case by essentially reopening Phase I discovery to allow Plaintiff a do-over. It was no secret that USTA intended to file a motion for summary judgment on the issue of duty. Nonetheless, Plaintiff allowed the Phase I discovery deadline to pass and then waited approximately three months before filing the instant motion seeking additional discovery. Now that USTA has filed its motion, Plaintiff must come forth with what evidence she was able to "timely" garner in opposition.

### B.   "Fact 2," Rex Haultain's Association with Defendants

---

[20] ECF No. 83.

[21] ECF No. 85.

[22] *Id.*

7

Plaintiff claims the second "probable fact not available" is that "Defendants are severely downplaying their association with, knowledge about, and control over, Rex Haultain."[23] According to Plaintiff, she can't currently present this fact because she is still trying to contact Haultain, who was deported to New Zealand. She represents that her attorneys have tried fruitless online searches and have been working with contacts in Australia and New Zealand to locate Haultain and interview him, but they've been unsuccessful thus far because both countries "have been very locked down throughout the Pandemic."[24] She is hopeful that additional time will make more resources available to locate and contact Haultain.

Plaintiff has known since the early stages of this case that locating and interviewing Haultain might prove difficult. The Court understands that the global pandemic posed many challenges. But Plaintiff never sought relief during the discovery period to afford her more time to contact Haultain. Indeed, Plaintiff waited until about a month after the summary judgment motions were filed to request additional time to locate Haultain. Moreover, counsel's affidavit is insufficient to show what specific steps she has taken to locate Haultain, what additional steps she could take now that she couldn't have taken during the pandemic, or what specific facts she plans to obtain from Haultain that will rebut Defendants' motions. Neither is the Court convinced that a short period of additional time will result in the location of Haultain or Plaintiff's acquisition of a statement from Haultain that supports her position. Plaintiff has no more than "speculative hope of finding some evidence that might tend to support a complaint."[25]

---

[23] ECF No. 124 at 6.

[24] ECF No. 124 at 10.

[25] *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 537 (10th Cir. 1987) (quoting *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed. Cir. 1984)).

For all of these reasons, the Court determines that Plaintiff has not demonstrated a valid reason to reopen Phase I discovery before requiring her to respond to Defendants' summary judgment motions. Plaintiff presents issues that should have been anticipated and presented earlier, rather than waiting to see Defendants' arguments briefed for the Court. Her affidavit is insufficient to support her motion, and the Court denies relief.

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 56(d) Motion (ECF No. 124) is denied.

Dated in Kansas City, Kansas on this 29th day of March 2022.

_____
Teresa J. James
U.S. Magistrate Judge